1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  JASON GIDDINGS,                          CASE NO. C11-1484-RSM

11              Plaintiff,                    ORDER DENYING DEFENDANTS'
                                              SECOND MOTION TO DISMISS,
12       v.                                   AND GRANTING PLAINTIFF'S
                                              MOTION TO SERVE AND MOTION
13  GREYHOUND BUS LINES INC. and             TO AMEND COMPLAINT
    KIRK RHODES,
14
                Defendants.
15

16                              **I. INTRODUCTION**

17        This matter comes before the Court on Defendants' Second Motion to Dismiss Under

18  Fed. R. Civ. P. 12(b)(5) (Dkt. #32), Plaintiff's Motion requesting clerk to serve summons and

19  complaint (Dkt. #31), and Plaintiff's Motion to Amend Complaint (Dkt. #36). For the reasons set

20  forth below, Defendant's motion is DENIED and Plaintiff's motions are GRANTED.

21                              **II. BACKGROUND**

22        Plaintiff, proceeding *pro se,* alleges that on September 25, 2008, he was assaulted by a

23  bus driver employed by Greyhound Bus Lines Inc. ("Greyhound"), after which he was stranded

24

ORDER DENYING DEFENDANTS' SECOND MOTION TO DISMISS, AND GRANTING PLAINTIFF'S
MOTION TO SERVE AND MOTION TO AMEND COMPLAINT - 1

1    without food, water, or shelter for approximately 24 hours in Eastern Washington.  Dkt. #4.  On

2    April 27, 2012, the Court denied Defendants' first motion to dismiss and permitted Plaintiff a

3    sixty (60) day extension of time to properly serve Defendants. Dkt. #26.  Defendants' second

4    motion to dismiss argues that Plaintiff failed to effect proper service within the time extension

5    granted by the Court, and that Plaintiff's claims are time barred under the statute of limitations.

6    Plaintiff's first motion requests additional help from the Court to effect proper service; the

7    second motion requests permission to amend the complaint to change Defendant Greyhound's

8    corporate name from Greyhound Bus Lines, Inc., to Greyhound Lines, Inc.

9        In its April 27, 2012 Order, the Court found good cause to extend the period of time for

10   service under Fed. R. Civ. P. 4(m). Dkt. #26, p. 7.  The Court directed the Clerk to send "a copy

11   of the complaint, two copies of the Notice of Lawsuit and Request for Waiver of Service of

12   Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed

13   to the clerk's office" to Defendants' attorneys at the address listed on the docket. *Id.* at 8.

14       On June 08, 2012, Plaintiff requested that the Clerk effect service on the Defendants. Dkt.

15   #27.  On June 11, 2012, Defendants' attorney, Lori Hurl, sent Plaintiff a letter stating that,

16   although she received service by the King County Sheriff's office, she was not authorized to

17   accept service on behalf of her clients, Greyhound Lines and Kirk Rhodes. Dkt. #28.  After

18   receipt of that letter, Plaintiff filed a notice with the Clerk stating that in-state service could not

19   be effected.  Plaintiff requested issuance of a summons for each Defendant so that he could

20   personally serve the Defendants out of state.[1] Dkt. #29.  The summonses were issued by the

21   Clerk on June 15, 2012. Dkt. #30, pp. 5, 16.  Defendant Rhodes was personally served on June

22   _____

23       [1] Courts construe a *pro se* plaintiff's filings liberally. *See Bernhardt v. Los Angeles County,* 339 F.3d 920, 925 (9th Cir. 2003). Plaintiff's Notice (Dkt. #29) satisfies the affidavit
24   requirement of RCW 4.28.185(4).

1   28, 2012. *Id.* at 3.  Defendant Greyhound Lines was personally served on June 28, 2012 as well.

2   *Id.* at 18.  However, service was unexecuted because "According To Marie Garcia Senior

3   Corporate Operations Specialist, The Summons Needs To State Greyhound Lines, Inc Not

4   'Greyhound Buslines, Inc'." *Id.*

5   The sixty day service extension granted by the Court expired, and Plaintiff moved the

6   Court on July 18, 2012, to again extend the time for service to permit service of Greyhound by

7   proper corporate title. Dkt. #31.  Plaintiff also moved the Court for permission to amend the

8   complaint to properly name Defendant Greyhound. Dkt. #36.

9   Defendants re-argue their motion to dismiss based on Plaintiff's failure to effect proper

10   service within the sixty-day time extension. They contend that the statute of limitations has run

11   on all of Plaintiff's claims.  The Court addressed the facts related the statute of limitations issue

12   in its April 27, 2012 Order (Dkt. #26, pp. 2-3) and adopts the relevant facts by reference.

13   ### III. DISCUSSION

14   **A.  Sufficiency of Service**

15   As discussed above, the Court granted Plaintiff a sixty-day extension of time to effect

16   proper service on the Defendants. Although Plaintiff has properly served Defendant Rhodes, he

17   has failed to properly serve Defendant Greyhound. It is disconcerting that although the Court

18   *directed* service of process on the Defendants in its prior order, and the Plaintiff engaged in good

19   faith efforts to properly serve Defendants within the sixty-day extension, Defendant Greyhound

20   has still not been properly served.  Greyhound has both refused personal service and failed to

21   sign a waiver of service.  It refused service because Plaintiff named it Greyhound Bus Lines

22   instead of Greyhound Lines.

23

24

ORDER DENYING DEFENDANTS' SECOND MOTION TO DISMISS, AND GRANTING PLAINTIFF'S
MOTION TO SERVE AND MOTION TO AMEND COMPLAINT - 3

1    Plaintiff filed his complaint on September 14, 2011. Dkt. #4.  Greyhound is named on the

2    docket for this cause of action as Greyhound Bus Lines, Inc.  Greyhound's counsel appeared in

3    this matter on January 30, 2012.  Service on Greyhound was attempted through its attorneys,

4    through its registered agent, and through its corporate offices. *See* Dkt. ##13, 20, 21, 27-31.

5    Thus, the notice function of Rule 4 has been satisfied in this case.  The Court again finds good

6    cause to extend the time for service under Rule 4(m), and the Clerk is directed to issue a

7    summons for Defendant Greyhound Lines, Inc. so that Plaintiff may properly serve it.  Plaintiff

8    will have fourteen (14) days to amend his complaint and will have sixty (60) days from the date

9    of that filing to serve Defendant Greyhound.  Moreover, since Greyhound has failed to show

10   good cause for not waiving service, it is further Ordered to reimburse Plaintiff for all

11   compensable costs incurred in this matter under Rule 4(d)(2). Fed. R. Civ. P. 4(d)(2) (failure to

12   return a waiver of service without good cause requires the court to impose: "(A) the expenses

13   later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of

14   any motion required to collect those service expenses").  Plaintiff's Motion to serve is Granted.

15   Plaintiff's Motion to Amend the Complaint is also Granted.

16   **B.  The Statute of Limitations**

17   Defendants renew their argument that Plaintiff's claims should be dismissed with

18   prejudice because the statute of limitations has run.  The Court addressed this issue in its April

19   27, 2012 order. Dkt. #26, pp. 5-8.  The Court determined that Plaintiff failed to commence his

20   lawsuit under RCW 4.16.170 and that Plaintiff's claims were time-barred under the statute of

21   limitations.  The Court noted, however, that equitable tolling of the statute may be warranted in

22   this case. *Id.* at 7.  The Court stated as follows:

23       Plaintiff did not raise the issue of mental incompetency in his response to
         Defendants' Rule 12(b)(5) motion to dismiss.  However, courts " have a
24       'duty ... to construe pro se pleadings liberally'." *Zichko v. Idaho,* 247 F.3d

ORDER DENYING DEFENDANTS' SECOND MOTION TO DISMISS, AND GRANTING PLAINTIFF'S
MOTION TO SERVE AND MOTION TO AMEND COMPLAINT - 4

1015, 1020 (9th Cir.2001). *See also Hughes v. Rowe,* 449 U.S. 5, 9, 101
S.Ct. 173, 66 L.Ed.2d 163 (1980) ("It is settled law that the allegations of
[a pro se plaintiff's] complaint, 'however inartfully pleaded' are held 'to
less stringent standards than formal pleadings drafted by lawyers.'")
(citations omitted). This requirement of liberality applies to motions as
well. *See Bernhardt v. Los Angeles County,* 339 F.3d 920, 925 (9th
Cir.2003) (internal citations omitted). It is clear from Plaintiff's
previously-filed motion to toll the statute of limitations (Dkt. No. 11) and
motion for reconsideration (Dkt. No. 13), that Plaintiff intended to raise
the issue of his mental disability in response to any statute of limitations
defense.

Ordinarily, Plaintiff's reliance on equitable tolling would convert this
motion into one for summary judgment as the Court would be required to
address factual issues regarding Plaintiff's incompetency [sic]. *See
Bacon v. City of Los Angeles,* 843 F.2d 372, 374 (9th Cir.1988). Here,
however, Defendants have yet to be served. A summary judgment ruling
in such a scenario would be inappropriate.

*Id.* The Court decided not address the equitable tolling issue until the Defendants were properly

served. *Id.* As Defendant Greyhound has still not been properly served, the Court again declines

to rule on whether the statute of limitations has run in this case. Because Defendants' Motion to

Dismiss is premature, the motion is Denied.

## IV. CONCLUSION

Having reviewed Defendants' motion, the response and reply thereto, all attached

exhibits and declarations, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant's Second Motion to Dismiss (Dkt. #32) is DENIED.

(2) Plaintiff's Motion to direct service (Dkt. #31) and Motion to Amend Complaint (Dkt.

#36) are GRANTED.

(3) The Plaintiff shall amend his complaint within **fourteen (14)** days of this Order.

(4) The Court extends the time period for service pursuant to Fed. R. Civ. P. 4(m) for an

additional period of **sixty (60) days**. Defendant must be served within **sixty (60)**

**days** of the date of filing of Plaintiff's amended complaint.

(5) The Clerk is directed to issue a summons for Greyhound Lines, Inc., after Plaintiff files an amended complaint properly naming Greyhound Lines, Inc.

(6) Defendant Greyhound Lines, Inc. is required to reimburse Plaintiff for all compensable costs incurred in this matter pursuant to Rule 4(d)(2). The Defendant shall file an answer or motion permitted under Rule 12 within **thirty (30) days** after personal service.

Dated this 26 day of September 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE