1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  JASON GIDDINGS,                          CASE NO. C11-1484-RSM

11              Plaintiff,                    ORDER GRANTING
                                             DEFENDANTS' MOTION FOR
12        v.                                 SUMMARY JUDGMENT

13  GREYHOUND LINES INC. and KIRK
    RHODES,
14
                Defendants.
15

16                          **I. BACKGROUND**

17        On or about September 14, 2011, Plaintiff Jason Giddings, proceeding *pro se* and *in*

18  *forma pauperis*, filed a Complaint against Defendants Greyhound Bus Lines Incorporated

19  ("Greyhound") and its employee Kirk M. Rhodes asserting claims arising out of an alleged

20  September 25, 2008 incident.  Dkt. # 1, p. 1-2.  Defendant Rhodes was the first defendant to be

21  served on June 28, 2012.  Dkt. 53, p. 2.  Plaintiff served Defendant Greyhound on October 16,

22  2012.  Dkt. # 42.  Plaintiff's claims are subject to a three-year statute of limitations.  RCW

23  4.16.080.  Defendants filed a Motion for Summary Judgment arguing the three-year statute of

24  limitations has run.  Dkt. # 53.  That motion is now before the Court.

1    Plaintiff alleges that on September 25, 2008, while aboard a Greyhound bus and

2  following a disagreement with the bus driver about "having same rights as the other passengers,"

3  the driver, Mr. Rhodes, assaulted Plaintiff.  Dkt. # 4, p. 2.  Thereafter, the complaint alleges Mr.

4  Rhodes forced Plaintiff off the bus leaving him stranded in Eastern Washington.  *Id.*  Plaintiff

5  contends he was "stranded for more than 24 hours . . . with no access to bathroom, no food, no

6  drink" until a different bus and driver picked him up.  Dkt. # 4, p. 2-3.  Mr. Giddings was later

7  admitted to the emergency room with a head trauma, according to the Complaint.  Dkt. # 4, p. 3.

8  For these injuries, plaintiff requests compensation "for damages[,] for work[,] for school because

9  I couldn't work[,] for complications and non completions[,] for my mental anguish, I was

10  already mentally disabled a federal judge put me on social security disability, my disability has

11  worsened, my stability has diminished . . . " and possible punitive damages "since it was

12  intentional wrongdoing."  *Id.*

13    Plaintiff filed the Complaint on or about September 14, 2011.  Dkt. # 4.  The Court

14  previously found that the evidence indicated that Plaintiff sent documents to Defendants at the

15  company's Dallas, Texas address requesting waiver of service on October 7, 2011; however,

16  Defendants never responded to the request for waiver of service.  Dkt. # 26, p. 2.  On November

17  28, 2011, Plaintiff filed a motion to toll the statute of limitations, which the Court denied finding

18  it was procedurally improper to prospectively toll the statute of limitations. Dkt. # 12; Dkt. # 26.

19  Sometime in mid-January 2012, Plaintiff faxed a summons and complaint to CT Corporation, a

20  registered agent of Greyhound, in Dallas, Texas.  Dkt. # 20, Ex. 1; *see also* Dkt. # 26, p. 2.  On

21  February 21, 2012, Plaintiff filed two "proofs of service" indicating he had served Greyhound

22  through CT Corporation.  Dkt. # 18; Dkt. # 26, p. 2.

23

24

1   Greyhound, contending it was not properly served, filed a Motion to Dismiss on February

2   28, 2012.  Dkt. # 19.  The Court found that Plaintiff failed to meet his burden of showing that he

3   properly served either Greyhound or Mr. Rhodes.  Dkt. # 26, p. 4.  Applying Washington State

4   law, this Court further found Plaintiff's claims were time-barred and must be dismissed unless

5   there was a reason to toll the statute of limitations.  Dkt. # 26, p. 7.  However, "liberally"

6   construing Plaintiff's *pro se* pleadings, the Court exercised its discretion pursuant to Rule 4(m)

7   to extend the period of time for service, providing Plaintiff with sixty days from April 27, 2012

8   to effect service. Under the extension, Plaintiff was required to serve Defendants by June 26,

9   2012.  Dkt. # 26, p. 7-8.  The Court noted that this extension had no effect with respect to the

10  question of whether the action had been commenced or whether the statute of limitations had

11  run.  Dkt. # 26, p. 8.  Rather, the Court explained that no determination had been made as to that

12  question at that time.  *Id.*

13  Defendant Rhodes was personally served two days after the grace period expired.  Dkt. #

14  53, p. 2.  Plaintiff also attempted to serve Defendant Greyhound that day, but was unsuccessful.

15  *Id.*  Defendants moved to dismiss the complaint for failure to serve within the 60-day grace-

16  period, but the Court again denied Defendants' motion finding good cause to extend the time for

17  service under Rule 4(m).  *Id.*  Plaintiff was given sixty days from the September 26, 2012 Order

18  to serve Greyhound.  Dkt. # 39, p. 4.  The Court again "decline[d] to rule on whether the statute

19  of limitations ha[d] run . . . ."  Dkt. # 39, p. 5.

20  Plaintiff properly served Greyhound on October 16, 2012.  Dkt. # 42.  Defendants filed

21  an Answer to the Complaint on November 6, 2012 (Dkt. # 43) followed by the instant motion for

22  summary judgment, which was filed on April 18, 2013.  Dkt. # 53.  In the motion, Defendants

23  contend Plaintiff failed to file the lawsuit within the statute of limitations period and, therefore,

24

Defendants are entitled to judgment as a matter of law.  Dkt. # 53, p. 1.  In an untimely response, Plaintiff urged the Court to find that the statute of limitations should be tolled due to Plaintiff's mental disability under RCW 4.16.190.  Dkt. # 55.  The Court ordered Supplemental Briefing on the issue of equitable tolling, to which Plaintiff, but not Defendant, responded. *See* Dkt. ## 55, 57, 59. The motion for summary judgment is now ripe for the Court's review.

## II. ANALYSIS

### A.  Standard of Review

Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law.  FED.R.CIV.P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Material facts are those which might affect the outcome of the suit under governing law.  *Anderson*, 477 U.S. at 248.  The moving party initially bears the burden of proving the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets that burden, the burden shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues of material fact.  *Id.* at 324.  In determining this, the Court must draw all reasonable inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at 255.

### B.  Statute of Limitations

Washington's statute of limitations requires that any action for negligence must be commenced within three years.  RCW 4.16.080.  Under Washington State law, an action is commenced when "the complaint is filed or the summons is served."  RCW 4.16.170. However, commencement of an action is complete only if the plaintiff effects personal service on one or more of the defendants "within ninety days from the date of filing the complaint."

1  *Id.*; *see also O'Neil v. Farmers Ins. Co. of Washington*, 124 Wn. App. 516, 523, 125 P.3d 134

2  (2004).

3          In denying both of Defendants' prior motions to dismiss, the Court determined that

4  equitable tolling may be warranted as Plaintiff's previously filed motion made it "clear" to the

5  Court that "Plaintiff intended to raise the issue of his mental disability in response to any statute

6  of limitations defense." Dkt. #26, p. 7; Dkt. # 39, p. 4-5.  The Court's Order construed the

7  pleadings liberally and provided Plaintiff a fair and complete opportunity to present any desired

8  defenses to Defendants' statute of limitations challenge.  *Id.*  At the time Defendants filed the

9  motion for summary judgment, Plaintiff's Complaint had been filed and both Defendants had

10  been served, thereby completing commencement of the action.

11          As discussed above, Plaintiff did not affect personal service on any of the Defendants

12  within ninety days of filing his Complaint.  Moreover, Plaintiff failed to comply with this

13  Court's extension for service the first time it was offered.  Although Plaintiff served Greyhound

14  within the second grace period, under Washington State law, Plaintiff failed to commence the

15  action within three years of the conduct alleged.  Importantly, this Court already determined that

16  "Plaintiff failed to commence his lawsuit under RCW 4.16.170 and . . . Plaintiff's claims [are]

17  time-barred . . . ." Dkt. # 39, p. 4.  Accordingly, under state law, Plaintiff's claims must be

18  dismissed as time-barred unless there is a reason to toll the statute of limitations.

19          If, at the time the cause of action accrued, the plaintiff is "incompetent or disabled to such

20  a degree that he or she cannot understand the nature of the proceedings . . . the time of such

21  disability shall not be a part of the time limited for the commencement of action."  RCW

22  4.16.190. The Washington Supreme Court has held that "RCW 4.16.190 has four factors

23  plaintiffs must satisfy to toll the statute of limitations based upon incompetence or disability."

24

1    *Rivas v. Overlake Hospital Medical Center*, 189 P.3d 753, 756 (Wash. 2008).  Plaintiffs must

2    demonstrate that "(1) they are entitled to bring the action, (2) they are incapacitated at the time

3    the cause of action accrues, (3) they are incompetent or disabled to the degree that they cannot

4    understand the nature of the proceedings, and (4) the incompetency or disability exists as

5    'determined according to chapter 11.88 RCW.'" *Id.*  (No. 07-cv-1191, 2011 WL 1584213 at * 7

6    (W.D. Wash.)  Under RCW 11.88.101(1)(a), "a person may be deemed incapacitated as to

7    person when . . . the individual has a significant risk of personal harm based upon a demonstrated

8    inability to adequately provide for nutrition, health, housing, or physical safety."  If the plaintiff

9    meets the statutory standard at the time the cause of action accrued, the statute of limitations will

10   be tolled as long as the disabling condition persisted.  *Pope v. McComas*, No. 07-cv-1191 RSM,

11   2011 WL 1584213, at * 7 (W.D. Wash. March 10, 2011).

12       This District has required a plaintiff to "show that a guardianship would have been

13   appropriate had [it] been sought when the cause of action accrued . . . ."  *Gouin v. Clallam*

14   *County*, Case No. C06-5247 FBD, 2007 WL 2069903, at * 4 (W.D. Wash. July 13, 2007).

15   Furthermore, "the court must look back to determine whether, at the time the cause of action

16   accrued, the plaintiff was incapacitated to the degree necessary to permit appointment of a

17   guardian."  *Id.*  In *Gouin*, the Court declined to toll the statute of limitations finding that the

18   plaintiff failed to provide medical evidence that "he was so incapacitated at the time the cause of

19   action accrued that he was not able to understand the nature of his wrongful termination

20   proceeding and or that he should have had a guardian appointed to act on his behalf."  *Id.*

21       Defendants' motion argues that the statute of limitations has run.  Dkt. # 53.  In response,

22   Plaintiff contends that RCW 4.16.190 tolls the statute of limitations because Mr. Giddings was

23   suffering from mental disability at the time the cause of action accrued in 2008.  Dkt. # 55, p. 1-

24

1    2. Mr. Giddings has proffered evidence that indicates that, at least at some point, he suffered

2    from Schizophrenia.  Dkt. # 60, p. 12.  However, the report provided to the Court was drafted in

3    2006, two years prior to the date the alleged cause of action accrued.  Dkt. # 60, p. 1.[1]  The only

4    other evidence of Mr. Giddings' alleged condition is a patient chart from June 2012 and a letter

5    to Judge Palmer Robinson of the King County Superior Court from Glenda Jasso-Porter, who

6    appears to be an employee at Compass Health, regarding Mr. Giddings' "brief period" of

7    treatment at her facility in 2012. Dkt. # 60, p. 13-15.  Neither document indicates that Mr.

8    Giddings was suffering from Schizophrenia or any other mental disorder in 2008.  Moreover, the

9    patient chart from 2012 indicates there was "No Problem Associated" with Mr. Giddings'

10    prescriptions for Ambien, Geodon, Klonopin, or Zyprexa.  Dkt. # 60, p. 14.

11       In truth, Mr. Giddings very well may be suffering from a mental disorder that may have

12    tolled the statute of limitations in this case.  However, this Court has provided Plaintiff an

13    opportunity to present evidence of his disability. Unfortunately, Mr. Giddings has failed to

14    provide the Court with evidence that meets the statutory standard.  As previously addressed,

15    prior Orders of this Court liberally construed Plaintiffs' pleadings in order to provide him a fair

16    and complete opportunity to present his equitable tolling defense.  Dkt. # 26, p. 7; Dkt. # 39, p.

17    4-5. Most recently, after Plaintiff failed to timely respond to Defendants' motion for summary

18    judgment, the Court issued an Order Directing Supplemental Briefing giving Plaintiff additional

19    time to file a properly supported response and offer factual support for his argument that the

20    statute of limitations should be tolled for reason of mental disability.  Dkt. # 57.

21

22

23    [1] Furthermore, the forensic psychologist responsible for drafting that report concluded that Mr. Giddings disorder did not at that time impair his ability to understand the nature and consequences of the court proceedings against him. Dkt. # 60, p. 12.  Rather, "his ability to cooperate with counsel in his defense and participate in court proceedings appear[ed] to be intact."  *Id.*

24

1      Having reviewed all evidence proffered by Plaintiff in support of his equitable tolling

2  argument and finding that Plaintiff has failed to establish that he suffered from a mental

3  disability at the time the cause of action accrued, this case can no longer be permitted to

4  perpetuate against Defendants.  Defendants' motion for summary judgment shall be GRANTED.

5                                    **III. CONCLUSION**

6      Having considered the motion, the response, the reply, the supplemental response, and

7  the entirety of the record, the Court hereby finds and ORDERS:

8          (1) Defendants' Motion for Summary Judgment (Dkt. # 53) is GRANTED;

9          (2) The Clerk is directed to send a copy of this Order to Plaintiff and all counsel of

10             record.

11

12      Dated this 16th  day of August 2013.

13

14                                    RICARDO S. MARTINEZ

15                                    UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24