UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JASON GIDDINGS, | ) | CASE NO. C11-1484 RSM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING DEFENDANTS' |
| v. | ) | MOTION TO DISMISS |
| | ) | |
| GREYHOUND BUS LINES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## I.      INTRODUCTION

This matter comes before the Court on Defendants' second Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) for Plaintiff's failure to comply with their discovery requests and the Court's Orders regarding those requests.  Dkt. #113.  Plaintiff has failed to respond to the motion.[1]  For the reasons discussed herein, the Court now GRANTS Defendants' Motion to Dismiss.

## II.      BACKGROUND

Plaintiff filed the instant action on September 14, 2011, alleging that he had been injured after being stranded in Eastern Washington by a Greyhound Bus driver.  Dkt. #4. Plaintiff later amended his Complaint to clarify the name of one of the Defendants.  Dkt. #40.

---

[1]   On May 3, 2016, Plaintiff did file a "Status Report" which references discovery in this matter, but it is not clear whether this is in response to Defendants' motion or to a prior Court Order, or whether it is unrelated to either.  Dkt. #115.

ORDER
PAGE - 1

On August 16, 2013, this Court dismissed this case on summary judgment on the basis that Plaintiff had failed to serve any of the Defendants with a Summons and Complaint within the applicable statute of limitations, and had failed to provide sufficient evidence to invoke equitable tolling based on his alleged disability.  Dkt. #62.  Plaintiff appealed, and, on July 2, 2015, the Ninth Circuit Court of Appeals reversed this Court and remanded the matter for further proceedings.  Dkt. #68.  The Court of Appeals found that a question of fact existed with respect to whether Plaintiff suffered a disability such that his service time should have been equitably tolled.  *Id.*

After the Mandate issued, the Court issued a Scheduling Order setting forth the trial date and related pretrial deadlines in this matter.  Dkt. #78.  Trial is currently scheduled for June 27, 2016.  The discovery deadline was February 29, 2016.

On November 4, 2015, Defendants served Plaintiff with a Notice of Video Deposition, commanding Plaintiff to appear in Seattle, WA, on December 2, 2015, at 10:00 a.m.  Dkt. #89, Ex. 1.  Two days before the deposition, when defense counsel called Plaintiff to discuss another discovery matter, Plaintiff informed counsel that he needed to cancel his deposition because it was too burdensome for him to travel to Seattle and because it would be unnecessary after he responded to written discovery requests.  Dkt. #89 at ¶ 3.  Defendants' counsel objected. Plaintiff did not appear for his deposition.

On December 7, 2015, Plaintiff moved this Court for an Order stating that he would not be required to attend his deposition for the same reasons as he had asserted to defense counsel. Dkt. #81.  Defendants opposed the motion and cross-moved for an Order compelling Plaintiff to attend his deposition within 30 days of the date of the Court's Order.  Dkt. #88.

ORDER
PAGE - 2

On December 14, 2015, Plaintiff moved for an Order compelling the production of certain documents.  Dkt. #85.

On December 15, 2015, Defendants re-sent Mr. Giddings their First Set of Interrogatories and Requests for Production.  Dkt. #98 at ¶ 3.

On January 4, 2016, the Court denied Plaintiff's motion for a protective order and directed him to appear for his deposition.  Dkt. #94.  The next day, the Court issued an Order denying Plaintiff's motion to compel discovery on the bases that Plaintiff had failed to meet and confer with Defendants prior to filing his motion and that it appeared he had not actually served any discovery requests on Defendants.  Dkt. #95.

On January 19, 2016, defense counsel sent a letter to Plaintiff advising that his discovery responses were overdue and asked that a discovery conference be scheduled for Monday, January 25, if his responses were not provided by Friday, January 22nd.  Dkt. #98 at ¶ 4 and Ex. 1 thereto.  Plaintiff did not produce his discovery by January 22nd, and was not available for the scheduled discovery call on January 25th.  *Id.*  Defense counsel then sent another letter to Plaintiff asking that he please be available for a discovery conference call on February 10th.  *Id.* at ¶ 5 and Ex. 2 thereto.  The day before that call, Plaintiff called defense counsel and informed her that he would be appearing for his deposition in Seattle on February 12th.  *Id.* at ¶ 5.  During the call, defense counsel asked Plaintiff if he would be producing his overdue discovery responses.  *Id.*  Plaintiff informed counsel that he believed he had already filed his responses with the Court (prior to his case being dismissed on summary judgment) and that he did not want to duplicate work he had already done.  *Id.*  Plaintiff also said he would bring any discovery he did have to his deposition.  *Id.*

ORDER
PAGE - 3

Plaintiff was deposed on February 12th.  Defense counsel inquired at the deposition whether he had brought his discovery responses.  *Id.* at ¶ 6.  Plaintiff responded that he believed his responses were filed with the Court, and that he did not bring them with him.  *Id.* Defendants have reviewed the docket in this matter (as has the Court), and find no record of any discovery responses filed by Plaintiff.  *Id.* at ¶ 7.  Defense counsel informed Plaintiff that no responses were in the record, and told him that they would be filing a motion to compel, which they then filed.  *Id.* and Dkt. #97.

On March 7, 2016, this Court granted Defendants' motion to compel and directed Plaintiff to provide written responses to Defendants no later than March 14, 2016.  Dkt. #102. However, that Order was never received by Plaintiff, as it was returned as undeliverable to Plaintiff at all addresses provided to the Court.  Dkts. #105, #106 and #116.

In the meantime, on March 2, 2016, Defendants moved for partial summary judgment, asking the Court to dismiss all claims for injuries related to the alleged assault that occurred outside of the Knarr Bar in Seattle, WA.  Dkt. #99.  On March 17, 2016, Defendants moved to dismiss Plaintiff's case for his failure to comply with discovery.  Dkt. #103.  On April 12, 2016, the Court granted Defendants' motion for partial summary judgment, finding that there is no evidence supporting any claim against Defendants for assault and battery or negligence arising from the injuries allegedly sustained outside the Knarr Barr.  Dkt. #111.  However, in that same Order, the Court declined to dismiss the entire case.  The Court found that because the Court's prior Order compelling discovery had not been received by Plaintiff, it would attempt to re-serve the Order in an effort to avoid dismissal.  *Id.*  The Court also reminded Plaintiff that he had a duty to keep the Court informed of his current address.  *Id.*  To date, the

Court continues to receive mail sent to Plaintiff returned as undeliverable. *See* Dkts. #112 and #116.

On April 28, 2016, Defendants filed a second motion to dismiss for Plaintiff's failure to comply with discovery. Dkt. #113. It does not appear that Plaintiff has responded to the motion; although the Court notes that, on May 3, 2016, Plaintiff filed a "Status Report" which discusses at length some history of discovery in this matter. Dkt. #115. Defendants' motion is now ripe for review.

### III.    DISCUSSION

### A. Defendants' Second Motion to Dismiss

Defendants have moved for dismissal of this matter under Federal Rules of Civil Procedure 37(b) and 41(b). Dkt. #103. Federal Rule of Civil Procedure 37 states in pertinent part that, "if a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Such orders may include the following:

(i)    Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)   Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)  Striking pleadings in whole or in part;

(iv)   Staying further proceedings until the order is obeyed;

(v)    Dismissing the action or proceeding in whole or in part;

(vi)   Rendering a default judgment against the disobedient party; or

(vii)  Treating as contempt of court the failure to obey any order to submit to a physical or mental examination.

ORDER
PAGE - 5

*Id.*  In addition, if the Court finds that Rule 37 does not provide an adequate remedy, under certain circumstances additional means can be employed to sanction the disobedient party.  *See Haeger v. Goodyear Tire & Rubber Co.*, 793 F.3d 1122, 1132 (9th Cir. 2015) ("While Rule 37 also provides a method to sanction a party for failing to comply with discovery rules, it is not the exclusive means for addressing the adequacy of a discovery response. . . .  We hold that it was not an abuse of discretion for the district court to rely on its inherent power to sanction the conduct at issue in this case, and to determine that Rule 37 did not provide the appropriate remedy" (citations omitted)).

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action based on a party's failure to obey an order of the Court.  "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  *Id.* at 1260-61 (internal quotations omitted); *see also Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The first and second factors weigh in favor of dismissal under the circumstances of this case.  The Ninth Circuit has consistently held that "the public's interest in expeditious resolution of litigation always favors dismissal."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  This case has been pending in this Court since 2011, albeit with a 2-year time period during which Plaintiff pursued an appeal.  Since being remanded in July of 2015, this case has made little progress, largely due to Plaintiff's failure to communicate consistently with either the Court or

ORDER
PAGE - 6

Defendants.   As a result, the Court's need to manage its docket also weighs in favor of dismissal.

With respect to the third factor, the Court recognizes that the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, in this case, this factor now weighs in favor of dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re PPA*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).   In this case, Plaintiff's continued failure to respond to discovery request propounded by Defendants precludes them from developing their defenses.   This case is scheduled for trial in approximately one month, and discovery has never been completed despite the Court's Order compelling Plaintiff to respond. The Court agrees that it should not reward Plaintiff's actions by simply allowing a continuance of the matter.   This is especially true given that Plaintiff seems to acknowledge that he has discovery obligations. *See* Dkt. #115.   In his status report, Plaintiff asserts that he has not had time to respond to discovery. Dkt. #115 at 2.   Yet, he fails to acknowledge the Court's Order directing him to respond, and fails to explain when he would provide responses in any event.[2] *Id.*   He then states that he will be serving his own discovery requests, completely disregarding the fact that discovery has closed in this matter. *Id.*   By continuing this matter, the Court would only prolong the expense involved in handling this case both on the part of Defendants and the Court.   The Court finds anything short of dismissal would simply be a waste of resources.

---

[2]   Plaintiff continues to assert that he has not received mail or email after his deposition in February. Dkt. #115.   It is not clear whether he is referring to mail sent by Defendants, the Court, or both.   However, Plaintiff fails to acknowledge his obligation to keep the Court and the parties informed as to his current address, and in fact has not affirmatively provided his current contact information to the Court to date.

ORDER
PAGE - 7

The Court recognizes that the fourth factor typically weighs against dismissal.  *See, e.g.*, *Hernandez*, 138 F.3d at 399.  However, the Ninth Circuit has explained that "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228; *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996) (concluding this factor "lends little support to [the plaintiffs], whose total refusal to provide discovery obstructed resolution of their claims on the merits.").  Accordingly, the Court now finds that this factor weighs in favor of dismissal.

Finally, with respect to the fifth factor, the Court notes that it has attempted less drastic alternatives prior to dismissal.  The Court has declined to dismiss the action while it has sought out Plaintiff on its own accord.  Yet, even after apparently receiving the Court's latest Order, Plaintiff has failed to comply with his discovery obligations, and has failed to affirmatively alert the Court of his current contact information.  As a result, the Court finds that additional, less drastic alternative remedies would be futile.  "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Accordingly, the Court finds the fifth factor also weighs in favor of dismissal.

Based on the analysis above, the Court finds that all five factors weigh in favor of dismissal.  Further, Plaintiff has failed to comply with a Court Order by refusing to provide Defendants with discovery responses.  Under these circumstances, the Court finds dismissal with prejudice to be appropriate.  *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (holding that the district court properly dismissed with prejudice where the plaintiffs "unnecessarily delayed the adjudication of the federal claims for almost two years" and had "no intention of going forward with the arbitration in good faith"); *Alexander v. Pac. Mar. Ass'n*,

ORDER
PAGE - 8

434 F.2d 281, 283-84 (9th Cir. 1970) (holding that the district court did not abuse its discretion by dismissing for failure to prosecute where appellants took no action on arbitration award for nine months); *Sheikh v. Cisco Sys., Inc.*, 472 Fed. Appx. 787, 788, 2012 U.S. App. LEXIS 8491 (9th Cir. Apr. 26, 2012) (affirming dismissal for failure to prosecute after plaintiff failed to act on district court's order granting a motion to compel arbitration and failed to reasonably explain his inaction).

### B. Remaining Motions

#### 1. *Plaintiff's Motion for Relief from Judgment*

Plaintiff has filed a Motion for Relief from Judgment related to a discovery order issued by the Court in January 2016. Dkt. #117. Plaintiff asks the Court to vacate its Order, review a motion he made in 2013, and compel Defendants to respond to his discovery request.[3] *Id.*

Plaintiff appears to misconstrue the Court's prior Order. On January 5, 2016, the Court denied a motion to compel brought by Plaintiff. Dkt. #95. Plaintiff had asked the Court to compel Defendants to produce a statement which Plaintiff allegedly gave to bus operator Arthur Doronio after the incident at issue in this case. The Court denied the motion on the bases that Plaintiff had failed to meet and confer with Defendants prior to filing his motion, as required by the Court's Local Rules, and there was no evidence Plaintiff had actually served any discovery requests on Defendants. *Id.* Plaintiff appears to believe that the Court denied his motion because "there was not a certificate from Defendants denying the information." Dkt. #117 at 1. He asks the Court to pull a motion to compel the same statement which he filed in 2013 and states that the Court will find such a certificate attached to that motion. *Id.* He then

---

[3]  The Court notes that Plaintiff's motion is not noted for consideration until May 27, 2016. However, given the status of this case and the nature of Plaintiff's motion, the Court does not require a response from Defendants to resolve the legal issues therein.

ORDER
PAGE - 9

asks the Court to utilize that certificate, review his second motion to compel again, and grant the motion.  Dkt. #117.

Rule 60(b)(1) allows this Court to relieve a party from an Order based on "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Such mistakes include the Court's substantive errors of law or fact.  *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004).  In order to obtain relief under Rule 60(b)(1), the movant "must show that the district court committed a specific error."  *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989).  Plaintiff has not done so.  First, Plaintiff misconstrues the basis for the Court's denial of an Order compelling a response to discovery.  Second, the Court has examined the motion filed by Plaintiff in 2013, and the certification referenced by Plaintiff is not attached.  *See* Dkt. #61.  Third, the 2013 motion also fails to certify that Plaintiff met and conferred with Defendants prior to filing the motion, and fails to contain any evidence that Plaintiff ever served Defendants with discovery requests.  Accordingly, Plaintiff's motion is DENIED.

     *2.  Defendants' Motion to Appoint Mediator*

On May 12, 2016, Defendants filed a motion asking this Court to appoint a *pro bono* mediator to allow the parties to comply with their mediation requirement.  Dkt. #118.  Given that the Court is now dismissing this case, the Court finds Defendants' motion MOOT.

## IV.   CONCLUSION

Having reviewed Defendants' motion, along with the remainder of the record, the Court hereby finds and ORDERS:

1. Defendants' Motion to Dismiss (Dkt. #113) is GRANTED.   All of Plaintiff's remaining claims are DISMISSED.

2. Plaintiff's pending Motion for Relief from Judgment (Dkt. #117) is DENIED.

ORDER
PAGE - 10

3.   Defendants' pending Motion to Appoint a Mediator (Dkt. #118) is now MOOT.

4.   This matter is CLOSED.

5.   The Clerk SHALL provide a copy of this Order to Plaintiff by U.S. Mail at the address contained on the Court's docket, and shall email a copy of the Order to Plaintiff at "fedup421@gmail.com".

DATED this 23 day of May 2016.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 11